IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: GERALD TABB AND MISTY TABB<br>  Debtors, | Case No.: 22-82029-CRJ7 |
| GERALD TABB AND MISTY TABB<br>  Plaintiffs<br><br>v.<br><br>HIGHLANDS MEDICAL CENTER AND HOLLOWAY CREDIT SOLUTIONS, LLC<br>  Defendants. | AP No.: 23-80001-CRJ |

## ANSWER

COMES NOW, Holloway Credit Solutions, LLC (sometimes referred to herein as "Defendant" or "HCS") and hereby answers the Complaint filed by Gerald Tabb and Misty Tabb (sometimes referred to herein as "Plaintiffs"), as follows:

1. Admitted.

2. Admitted

3. HCS is without sufficient knowledge to admit or deny the allegations in this averment.

4. The Defendant is without sufficient knowledge to admit or deny the allegations in this averment.

5. The Defendant admits that this Court has jurisdiction over this matter and that this dispute concerns the Plaintiffs' bankruptcy estate. The remainder of the allegation is a legal conclusion for which no answer is required. To the extent that its content requires an answer, the Defendant is otherwise without sufficient knowledge to admit or deny the

5

remainder of the allegations in this averment.

6. This averment does not require an answer by the Defendant.

7. The Defendant admits in certain situations it has an agency relationship. The Defendant specifically denies it was acting as an agent as described in the complaint. The Defendant denies any other the allegations in this averment.

8. Admitted.

9. HCS admits it had notice of the Plaintiffs' bankruptcy. THe remainder of the allegation is denied.

10. HCS admits that there existed a §362 automatic stay in the Plaintiffs' bankruptcy case. The Defendant is otherwise without sufficient knowledge to admit or deny the remainder of the allegations in this averment.

11. Denied.

12. The Defendant denies it was collecting the subject debt on behalf of Defendant Highlands; admits that the debtors converted their case and the Defendant received notice. The Defendant admits it filed proofs of claim for Defendant Highlands but denies they were for the debt identified in Plaintiffs' exhibit 3. The Defendant is without sufficient knowledge to admit or deny the allegations in this averment.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

The Defendant denies the Plaintiffs are entitled to their prayer for relief.

**Affirmative Defenses**

For affirmative defenses, the Defendant asserts:

1. Any allegation not specifically admitted or denied in the Plaintiffs' complaint and for which the Plaintiffs demand an answer are hereby denied.

2. The only recovery that may be had by the Plaintiffs of this Defendant is for reimbursement of reasonable attorneys' fees.

3. The determination of reasonableness of attorneys' fees is exclusively within the Court's province.

4. The Plaintiffs have no further legal claims to make against the Defendant.

5. The Plaintiffs are estopped in law and equity from asserting any new claims.

6. The Plaintiffs are not entitled to recover from the Defendant.

7. The Plaintiffs have failed to mitigate their damages.

/s/ Michael F. Braun
_____
MICHAEL F. BRAUN 4167U50M
Attorney for HCS
5016 Centennial Blvd., Ste. 200
Nashville, Tennessee 37209
Phone: (615) 378-8942
Fax: (629) 255-4445
mfb@braun-law.com

## Certificate of Service

I hereby certify that on this the 30th day of January, 2023, I served this document upon the following counsel for the other parties hereto by filing into the CM/ECF system of the United States Bankruptcy Court:

John Larsen
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811

Judith Thompson
P. O. Box 18966
Huntsville, AL 35804

                                /s/ Michael F. Braun
                                _____
                                Michael F. Braun